WILLIAM CANDEE, RESPONDENT, *v.* S. ANGELINE BURKE AND OTHERS, APPELLANTS.

*Res adjudicata — Mesne profits — allegation as to, in complaint — recovery for*

In an action of ejectment the defendants set up in their answer that the premises in question, together with *others*, were conveyed to the plaintiff by their ancestor, Enos Burke, in pursuance of an agreement by which plaintiff was to advance to him $7,200; that Burke was to occupy and cultivate the same for his own benefit; that upon receipt of the said sum, with interest, plaintiff was to account and reconvey the premises to Burke; that such repayment had been made, and they therefore demanded an accounting and a reconveyance.

The plaintiff alleged in his reply and subsequently proved upon the trial, that a prior action had been commenced by the said defendants against the plaintiff, in which they claimed that the plaintiff made an arrangement with Burke, by which he was to advance money to the latter and take a conveyance of the premises in question, with others, as security for the repayment thereof; that Burke was to remain in possession; that he, until his death, and thereafter the defendants, had continued so to do; that the full amount due the plaintiff herein had been paid, whereupon they demanded an accounting and reconveyance; that judgment was entered therein in favor of the present plaintiff, holding that the conveyance was an absolute and unconditional deed, and not a mortgage or security for any loan made to Burke, and that the title to the premises was vested absolutely in the plaintiff herein.

Upon the trial of this action, *held*, that the cause of action in the former suit and the defense set up in the answer in this case were in substance the same, and that the judgment in the former action was a bar to the defense set up in the answer herein.

When, in an action of ejectment, it appears from the complaint that the plaintiff claims to recover the value of the rents and profits of the premises during the time they have been unlawfully withheld by the defendant, it is too late, on the trial, to object to the form and want of particularity and certainty with which the allegations relating thereto are made.

APPEAL from a judgment in ejectment in favor of the plaintiff, entered upon the trial of this action at the Circuit.

*J. D. Garfield*, for the appellants.

*Frank Hiscock*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered at the Onondaga Circuit for the plaintiff, in an action of ejectment. Amongst other special answers made by the defendants, they set up that one Enos Burke, the husband of the defendant S. Angelina Burke, and the father of the other defendants, in his lifetime agreed to convey a part of the premises in question, and to procure a conveyance of the residue, to one Daniel Candee and the plaintiff, " at and for the consideration of something less than $7,200, the amount stated in said conveyance, to be paid or advanced in part to said Burke, and in part upon liens and incumbrances against said Burke, upon said premises by said Candees. The said Enos Burke, also, by said agreement, was to remain in and retain the possession of said premises, and work and cultivate the same on his own account and for his own benefit as his own property. The said Enos Burke, also, by said agreement, was to place in the hands of said Candees the proceeds of certain other real estate and other property, and the net avails of the products of said premises over and above the support of his family and the expenses of carrying on said farm belonging to said Burke, or in which he had some right or interest, towards the repurchase of said premises, and when the full sum of $7,200 and the interest thereon had been paid by said Burke to said Candees the said Candees were to reconvey said premises to said Burke, and to settle with him for the moneys placed in their hands towards the repurchase of said premises."

The answer then goes on to allege that the said Enos Burke did, on or about the 1st of August, 1844, convey to said Candees the east half of said premises, and did procure one Hicks Worden, who held the title to the west half thereof, for the benefit of said Burke, to convey the west half to the said Candees, and the said Candees did pay to the said Burke, and upon the liens and incumbrances, the said $7,200. That Burke, by virtue of the said agreement, did retain possession of the said premises and cultivate the same for his own use and benefit until his death, in 1862, and that the defendants, succeeding to the rights and interest of said Burke, have ever since remained in possession of said premises.

The defendants then allege that from the amounts paid by Burke, and from what the said Candees have received from the net proceeds of the premises, the whole consideration of the $7,200 and the interest thereon, has been realized by the Candees. That Burke died intestate, leaving the defendants him surviving, and that Daniel Candee died in 1848, leaving a will by which all his rights in the premises were transferred to the plaintiff. That the defendants have demanded of the plaintiff a settlement of the account and a reconveyance, but plaintiff has refused to come to such settlement and to reconvey according to said agreement, and the defendants claim that they are entitled to such accounting, and to a reconveyance. To this answer, the plaintiff replied, a former suit commenced in 1870, in the Supreme Court, by the defendants against the plaintiff, "wherein the same matters were alleged, or might or should have been alleged." That the plaintiff answered in the said former action; that issue was duly joined upon all the matters set out in the pleadings in the said action; that the said Supreme Court had jurisdiction of the parties and the subject-matter of the said action, and the same was duly referred to a referee to hear and determine; that the action was duly tried on the merits and decided on the merits, against the now defendants and in favor of the plaintiff, and judgment was rendered thereon on the merits, and duly perfected in the office of the clerk of Onondaga county, in October, 1872, and the judgment record is referred to as a part of the reply, and notice given that the plaintiff will put the same in evidence on the trial of this cause as a bar to the counter-claim set up by the defendants in this action.

A copy of the judgment record in the former action is contained in the case, and seems to have been attached to the reply. Upon these pleadings, the judgment record in the former action, and the opening of the counsel for the defendant in this case, the principal question decided at the Circuit arose, and after a long discussion by the counsel on both sides, the substance of which is mentioned in the case, the justice at the Circuit held that the cause of action in the former suit, and the defense set up in the answer in this case, replied to as above, were in substance the same, and that the judgment in the said former action was a bar to the defense set up in the answer of the defendants, which is hereinbefore mentioned. It is sufficient to say of the said former action, that it was an action commenced by these defendants against this plaintiff, in which it was alleged by the plaintiffs that in August, 1844, an arrangement was made whereby Daniel and William Candee "were to" assist said Enos Burke, and pay certain mortgages and judgments against said Burke, take the conveyance of a part of the premises from Burke, and the other part to be procured by Burke from one Hicks Worden, as security for the repayment of such advances as they should make to Burke; that Burke was to retain the possession of the premises, and did do so until his death, and that since then the then plaintiffs, now defendants, have continued in possession, and that payments have been made more than sufficient to extinguish the indebtedness; that the defendant, now plaintiff, claims that the said deeds were absolute and not as security, and the complaint asks that the present plaintiff may be adjudged to hold the premises as mortgagee, and asks for an accounting and reconveyance, and that the defendant may be restrained from taking any proceedings to dispossess the now defendants.

Various collateral and incidental circumstances are alleged in the complaint in the former suit, many of which are not repeated or referred to in the answer in this case. The now plaintiff answered in the former suit, claimed that the property was purchased absolutely, and that the deeds to himself and Daniel Candee were absolute and not as security.

The former action was, as appears by the judgment record, tried before the referee, who reported, amongst other things, that each and every of the said conveyances was an absolute and unconditional

deed, and not in the nature of a mortgage or security for any loan made or to be made to or for the benefit of Enos Burke, and that the title to the premises conveyed by the said deeds vested absolutely in the grantees therein named, subject only to the incumbrances mentioned in the said deeds respectively, and that, the plaintiffs are not entitled to an accounting, or to redeem and have a conveyance of the premises or any part thereof, and that the now plaintiff was entitled to judgment against the now defendants to that effect, with costs.

On this report a judgment was duly entered on the 8th of October, 1872, and, so far as appears, has been acquiesced in as correct. It is quite manifest from the pleadings in this case, and from the statements of the counsel for the defendants, and his offer of proof that the defendants are seeking in this action to retry the question whether Enos Burke had, by an arrangement or contract with the Candees at or about the time when the conveyances were made to them, reserved a right to redeem the premises in question upon the repayment to the Candees of the amount advanced, and to be advanced by them, and constituting the apparent consideration for the conveyances with interest.

The counsel for the defendants insists that the cause of action set up in the complaint in the former suit, and the defense in this suit are substantially different, inasmuch as the former suit was based upon the theory that the now plaintiff held the premises only as security, and his title was that of a mortgagee, whereas the answer in the present case sets up a contract whereby Enos Burke was to be entitled to redeem, upon the payment of the consideration advanced by the Candees, and that the cause of action set up in the answer by way of defense and counter-claim, is in the nature of a claim for the specific performance of a contract. We see no substantial difference between the allegations on the subject in the former suit and those contained in the answer in this case, except that in the former the matter is called an "arrangement," and in the latter an "agreement." The substance of the allegations in each case was the same, namely, that there was the right of redemption reserved to Enos Burke at the time of the conveyance of the property by deeds absolute in form; and however this was done, whether by express agreement in so many words, or whether the agreement

was to be implied in equity from the fact that the original conveyances were intended as security is not material, and was not material in the former case. The case of *Stowell* v. *Chamberlain* (60 N. Y., 272) is claimed by the defendant's counsel to be decisive of the case at bar. It appears to us that so far as that case decides any principle relevant to the present case, it maintains the conclusion at which the justice at the Circuit arrived. In that case the former suit had been disposed of on a demurrer. The first action had been in trover for certain bonds, and the demurrer, so far as could be seen, had been sustained on the ground that the present right of the plaintiff to a return of the same bonds did not appear. The action reported in 60 New York, was an action on contract to recover the value of the bonds which the complaint alleged had been received and sold by the defendants, as the agents of the plaintiff. The principle decided as stated in the syllabus of the case is, that "in order to make a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause of action alleged in the second."

Applying that rule to this case, why is not the judgment in the former action a bar? It will scarcely be claimed that the plaintiff could not have recovered in the former action upon proof of the allegations contained in the plea in this case. The former action was in substance to establish in Enos Burke and those who represent him in estate, a right to redeem the premises in question upon repayment to the Candees, or their representatives, of the amount of the consideration paid by the latter for the conveyances, and that right, as claimed by the now defendants, was based upon an asserted contract, either expressed or implied, in equity, at the time of the conveyances. It seems to us plain that the cause of action in the former suit, was substantially identical with the matters set up by way of defense in this suit, and having been once adjudicated upon, is put at rest as between these parties and those who represent them.

In *Fullerton* v. *McCurdy* (55 N. Y., 637), where an action was commenced to redeem, upon the ground that the title of the defendant was that of a mere mortgagee, and that the mortgage was void for usury, it was claimed that judgment ought to have been rendered for the plaintiff as for a specific performance of a contract of

sale. It is sufficient to say of that case, that among other reasons given by the court for denying that species of relief, it is said that the necessary parties for such a suit are not before the court, and the facts found are not sufficient to show a right in the plaintiff to specific performance. "The findings show that the agreement to convey was verbal, and there is no finding that there was any part performance." The question as to the validity of the foreclosure of the Remington mortgage, and the various exceptions to the admission of evidence founded on the alleged invalidity of that foreclosure as against S. Angelina Burke, the widow, seem to have been presented to the General Term of this department when the case was here before (4 Sup. Ct. Rep. [T. & C.], 143), and it seems to have been then held that the foreclosure was sufficient. The rights of Mary Burke seem to have been protected on this last trial by the stipulation by which the plaintiff omitted to take a judgment for her undivided one-third of one-seventh, that is, one-twenty-first part, of the parcel in which she claimed such separate interest.

The objections to the proof of the loss of the original petition of Enos Burke for the benefit of the insolvent law, if available under any circumstances, seem to be superseded by the ultimate ruling that the former judgment was a bar to the defense attempted under the twelfth answer. The proceedings under the insolvent law were only important as showing that at the time, Enos Burke did not claim to be in any manner interested in the premises which had been conveyed to the Candees, either legally or equitably, and the ruling in question rendered the papers and proceedings of Burke under the insolvent law wholly immaterial.

After the disposition of the issues concerning the title and right to possession, the judge reserved the question of damages for withholding the property and *mesne profits* to be determined before himself at a future day, and there is no point made upon the argument of this appeal against this practice, and although the case contains a statement that the defendants asked to go to the jury on the question of *mesne profits*, it seems to have been afterwards agreed by a stipulation, oral or otherwise, referred to by the justice in the course of the conversation, that it should be disposed of by the court. At all events it is not claimed on this appeal that there

was any error in not referring any question on that subject to the jury.

Afterwards the case came on to be heard on the reserved questions, in regard to a recovery for *mesne profits* in the action. The complaint claims that the plaintiff is entitled to the *mesne profits* of the premises since the same have been withheld by the defendants, and that the fair annual value thereof is the sum of $2,000, and demands judgment for the premises, and for the rents and profits thereof, during the time they have been withheld by the defendants. When the question as to *mesne profits* came to be tried, the counsel for the defendants claimed that the plaintiff was not entitled to recover any thing therefor in this action, upon the ground, as we understand his position, that what was said in the complaint did not amount to a sufficient count for the recovery of *mesne profits*, not but that the claim for *mesne profits* might be joined in the same action with a claim to recover the land, but that it must be set up in a separate count of the complaint. The defendants were fairly apprised by the complaint, that the plaintiff claimed to recover in the action the value of the rents and profits of the premises during the time they had been unlawfully withheld by the defendants, and we think it was too late on the trial to make any objection to the form and want of particularity and certainty with which the allegations in that behalf were made. (*Holmes* v. *Davis*, 19 N. Y., 488–493; *Vandevoort* v. *Gould*, 36 id., 639.) The case of *Larned* v. *Hudson* (57 id., 151), merely decides that a claim of damages for withholding possession is a different thing from a claim to recover *mesne profits*, and that under a mere claim of damages for withholding possession *mesne profits* cannot be recovered. In this case there is no claim for damages for withholding, but a claim in the complaint for *mesne profits* alone. Although from one portion of the opinion of the justice who tried the cause it would seem that he held that the plaintiff was not entitled to recover the *mesne profits*, but was entitled to recover damages for the unlawful withholding, yet it appears from a subsequent part of the opinion that the damages which he did actually assess, were composed of the annual value of the use of the premises or the rents, issues and profits. This we think was the correct result, upon whatever theory it was arrived at. We think, also, that the court was correct in holding that the right

to recover the *mesne profits* was from the time at least when the defendants denied the title of the plaintiff and assumed a hostile position, by claiming possession in their own right.

The judgment is affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.